## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**ORLANDO FERNANDEZ TAVERAS**  :
    **Petitioner**
                              :   **CIVIL ACTION NO. 3:13-402**
   **v.**
                              :        **(Judge Mannion)**
**ERIC HOLDER, et al.,**
    **Respondents**    :

## **MEMORANDUM**[1]

**I.    Background**

On February 15, 2013, Petitioner, Orlando Fernandez Taveras, a former detainee of the United States Immigration and Customs Enforcement ("ICE") Office, confined at the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the above captioned, counseled petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. No. 1, petition).

Taveras, who is a native and citizen of the Dominican Republic, received a final order of removal from the United States on June 21, 2012. (Doc. No. 9, Ex. K, Decision of Board of Immigration Appeals). Although, at the time of filing the instant petition, Taveras had a petition for review of his

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

removal order pending with the United States Court of Appeals for the Third Circuit, he asserted in his petition that his continued detention by ICE violated his due process rights pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), and he sought his immediate release from custody. (Doc. No. 1, petition). The petition is fully briefed and ripe for disposition.

In preparing to dispose of the instant petition, this Court checked the status of Petitioner's detention through the ICE Online Detainee Locator System.[2] Searches for Petitioner by his A–Number, and by his name, both returned results that he was "not found." Accordingly, the Court ascertained from the local ICE Enforcement and Removal Operations ("ERO") Field Office located in Philadelphia, Pennsylvania, that on October 10, 2013, Petitioner was released on supervision from the Pike County Correctional Facility.

## II.  Discussion

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings.

---

[2]See ICE Online Detainee Locator System, available at http://locator.ice.gov/

Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488 (1974)).

"[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982). In the context of federal habeas petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns

3

raised by an alien's petition renders that petition moot. Burke v. Gonzales, 143 Fed. Appx. 474 (3d Cir. 2005); Gopaul v. McElroy, 115 Fed. Appx. 530 (3d Cir. 2004). Thus, for example, the deportation of an alien frequently makes an immigration habeas petition moot. See Lindaastuty v. Attorney General, 186 Fed. Appx. 294 (3d Cir. 2006).

In the instant case, because Taveras has been released on supervision from ICE custody, his request for release from ICE custody pending the completion of removal proceedings is entirely moot, and the dismissal of his petition as moot is appropriate. An appropriate Order will enter.

### III. **Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. §2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000)(en banc) (certificate of appealability not required to appeal from denial of §2241 petition), *abrogated on other grounds by* Gonzalez v. Thaler,
4

—U.S. ——, ——, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012); Kornegay v. Ebbert, 502 Fed.Appx. 131, 133 (3d Cir. 2012). Thus, the Court need not address this issue in the current action.

## IV. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Date: December 3, 2013
O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-0402-01.wpd